UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Michael Milburn, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br>v.<br><br>Humana Pharmacy Solutions, Inc. d/b/a Rightsource<br><br>    Defendant. | Civil Action No.: 3:15-cv-123<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Michael Milburn, individually and on behalf of all others similarly situated, sues Defendant, Humana Pharmacy Solutions, Inc. d/b/a Rightsource ("Rightsource") and states as follows:

## NATURE OF THE ACTION

1. This is a putative class action brought by Plaintiff, Michael Milburn ("Milburn"), pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and (1) all persons in the United States (2) to whose cellular telephone number (3) Rightsource placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within four years of the complaint (6) where Rightsource did not have prior express consent to call said cellular telephone number (the "Class").

2. Plaintiff seeks damages and injunctive relief resulting from the illegal actions of Rightsource in contacting Plaintiff and Class members on their cellular telephone for non-emergency purposes using a prerecorded message or artificial voice in direct contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). The TCPA prohibits calls to cellular telephones using prerecorded or artificial voices without prior express

consent of the called party.

3. "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991 . . . ." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 742 (2012). "Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Id.*

4. The TCPA regulates, among other things, the use of prerecorded messages and use of automatic telephone dialing systems ("ATDS"), or "autodialers." 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

5. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

**PARTIES, JURISDICTION AND VENUE**

6. Milburn is and at all times mentioned herein was an individual person residing in Michigan City, Indiana.

7. Defendant, Rightsource, is a Kentucky corporation that maintains its headquarters at 500 West Main Street, Louisville, KY 40202. Rightsource is the mail-order pharmacy segment of named Defendant Humana Pharmacy Solutions, Inc. Defendant is owned or associated with Humana Inc., the primary business of which is health insurance. Rightsource

2

operates nationwide and its "members" number in the hundreds of thousands.[1]

8. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

9. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred here.

## CLASS ACTION ALLEGATIONS

10. Rightsource operates online, through the mail, and over the phone. In a quest to compete with other pharmacies, Rightsource implemented an automated call program in which it made calls to Plaintiff and others using an artificial or prerecorded voice in order to solicit Rightsource's services and products.

11. Rightsource was required to have prior express consent prior to making the calls.

12. Rightsource was also required to allow consumers to opt out of these calls via an automated, interactive voice-and/or key press-activated opt-out mechanism and to honor requests by consumers to opt out.

13. Prior to making the prerecorded calls, Rightsource did not obtain express consent of consumers, including Plaintiff, as required by the TCPA.

14. In addition, Rightsource did not comply with the TCPA's requirements for allowing consumers, including Plaintiff, to opt out of the prerecorded calls.

## INDIVIDUAL PLAINTIFF'S ALLEGATIONS

15. In early 2013, after acquiring health insurance with Humana Inc., Plaintiff began receiving automated prerecorded voice messages from Rightsource to his cellular phone.

---

1 *See http://press.humana.com/press-release/current-releases/humana-launching-diabetic-supply-service-current-members-and-non-memb* (Humana website stating Rightsource serves members in all 50 states and Puerto Rico) (last visited Jan. 26, 2015).

16. Several of the calls were from telephone number (800) 379-0092. For example, Rightsource called Plaintiff from (800) 379-0092 on: May 26, 2014; June 2, 2014; June 19, 2014; June 24, 2014; and July 8, 2014.

17. The calls delivered a prerecorded message (not delivered by a live person) offering Rightsource products and services, namely the sale and delivery of prescription drugs.

18. Initially, Rightsource advertised its services to Milburn on the calls, as Milburn was not then a customer. Rightsource advertised that Rightsource could provide Milburn his medications cheaper and more conveniently than the competition.

19. Once Rightsource obtained Milburn's business, the calls encouraged Plaintiff to refill his prescriptions with Rightsource. Rightsource made these calls whether or not Plaintiff was due to refill his prescription.

20. Plaintiff never provided prior express consent to receive prerecorded or artificial voice calls to his cellular telephone from Rightsource.

21. On the prerecorded calls, there was no way to speak to a live person to request that the calls stop, nor was there an automated prompt whereby Plaintiff could make the request. Accordingly, Rightsource failed to comply with the TCPA's requirement that consumers be allowed to opt out via an automated, interactive voice-and/or key press-activated opt-out mechanism.

22. Annoyed and disturbed by the calls, Plaintiff repeatedly called Rightsource back, spoke to live representatives and told them to stop the prerecorded calls to his cellular phone. Milburn informed Rightsource that he did not need encouragement to refill his prescriptions, and that he would order refills online as needed. The live representatives affirmed each and every time that the calls would stop.

23.     However, the prerecorded calls continued.

## CLASS ALLEGATIONS

24.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following Class and sub-class:

Prescription Switch Class

**(1) All persons in the United States (2) to whose cellular telephone number (3) Rightsource placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within four years of the complaint (6) where Rightsource did not have prior express consent to call said cellular telephone number (7) where Rightsource promoted switching prescriptions to Rightsource on the call (the "Switch Class").**

Prescription Refill Class

**(1) All persons in the United States (2) to whose cellular telephone number (3) Rightsource placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within four years of the complaint (6) where Rightsource did not have prior express consent to call said cellular telephone number and (7) where Rightsource encouraged refilling a prescription on the call (the "Refill Class").**

25.     Plaintiff represents and is a member of the Prescription Switch and Prescription Refill Classes (collectively the "Classes").  Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

26.     Plaintiff does not know the exact number of members in the Classes, but based upon the size, national scope of Rightsource and the automated nature of the prerecorded messages, Plaintiff reasonably believes that the Classes number in the thousands.

27.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will

provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Classes can be identified easily through records maintained by Rightsource.

28. There are questions of law and fact common to the members of the Classes which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

> i. Whether Rightsource engaged in a pattern of using artificial or prerecorded voices to place calls to cellular phones;
>
> ii. Whether Rightsource had prior express consent to place the calls;
>
> iii. Whether Rightsource failed to allow consumers to opt out of the calls;
>
> iv. Whether Rightsource violated the TCPA; and
>
> v. Whether Rightsource willfully violated the TCPA.

29. As a person who received telephone calls from Rightsource using an artificial or prerecorded voice to his cellular phone without his prior express consent, Plaintiff asserts claims that are typical of the members of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Classes.

30. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

31. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class Members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are

small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as Rightsource did not attempt to obtain consent required by the TCPA prior to placing the calls.

32. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes in whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – VIOLATIONS OF THE TCPA

33. Plaintiff incorporates the allegations of Paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff brings this claim on behalf of the Classes.

35. Rightsource made telephone calls to the wireless telephone number of Plaintiff and the other Class members using a prerecorded or artificial voice. These phone calls were made without the prior express consent of Plaintiff or the other members of the Classes.

36. Rightsource has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

37. Each of the aforementioned calls by Rightsource constitutes a violation of the TCPA.

38. In addition, Rightsource failed to allow Plaintiff and members of the Classes to

7

opt out of receiving the calls in violation of 47 C.F.R. § 64.1200.

39. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

41. Plaintiff incorporates the allegations of Paragraphs 1 through 32 as if fully set forth herein.

42. Plaintiff brings this claim on behalf of the Classes.

43. Rightsource made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other Class members using prerecorded or artificial voices.

44. These phone calls were made without the prior written express consent of Plaintiff or the other members of the Class.

45. Rightsource has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

46. Each of the aforementioned calls by Rightsource constitutes a willful violation of the TCPA.

47. In addition, Rightsource failed to allow Plaintiff and Class members to opt out of receiving the calls in violation of 47 C.F.R. § 64.1200.

48. Plaintiff and the members of the Class are entitled to an award of $1500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. §

227(b)(3)(B).

49. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

    A.    Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

    B.    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    C.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

    D.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: March 19, 2015　　　　　　　　　　Respectfully submitted,

                                                  By:  /s/ Amy L. Cueller
                                                       Amy L. Cueller, Esq.
                                                       LEMBERG LAW, L.L.C.
                                                       1100 Summer Street, 3rd Floor
                                                       Stamford, CT 06905
                                                       Telephone: (203) 653-2250
                                                       Facsimile:　 (203) 653-3424
                                                       E-Mail: acueller@lemberglaw.com
                                                       Attorneys for Plaintiff