UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL MILBURN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 3:15-CV-123-TLS |
| HUMANA PHARMACY SOLUTIONS, INC., d/b/a Rightsource, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The law in this Circuit, up until last week, was that when a plaintiff received an offer of judgment for full relief requested, the claim became moot. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), overruled by *Chapman v. First Index, Inc.*, — F.3d —, No. 14-2773, 2015 WL 4652878 (7th Cir. Aug. 6, 2015). In the class action context, mooting the claim of a would-be class representative could head off the specter of a larger case. Plaintiffs typically avoided this result by filing a "placeholder" motion for class certification. The Plaintiff has filed such a place holder in this case, accompanied by a Motion to Stay Ruling on Class Certification [ECF No. 4].

The Plaintiff's Motion to Stay Ruling acknowledges that "for the Court to analyze the certification requirements of Rule 23, numerosity, commonality, typicality, adequacy, predominance and superiority of the class action device and whether injunctive relief to the class is appropriate, discovery will be required." Accordingly, the Plaintiff seeks deferral of a ruling on certification until the parties have completed discovery, citing to the *Damasco* Court's statement about a "simple solution to the buy-off problem . . . : Class-action plaintiffs can move to certify the class at the same time that they file their complaint." 662 F.3d at 896. The

pendency of this place holder motion would serve to protect a putative class from attempts to buy off the named plaintiff. *Id.* Meanwhile, "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

After *Chapman*, the premature filing of a motion for class certification is no longer necessary to prevent buy-off because a defendant's offer of compensation does not moot the litigation or otherwise end the Article III case or controversy. 2015 WL 4652878, at *3. The Court further finds that filing a motion that the parties are not yet ready to support or defend, and the Court is not yet able to rule upon, does not promote the efficient administration of justice. In this case, the Motion to Certify Class has been pending since March, yet the Plaintiff anticipates filing a First Amended Class Action Complaint (*see* 8-7-15 Order, ECF No. 24), which has yet to be served on the Defendant or answered, demonstrating just how far the matter is from being ripe for a determination on class certification.

The Court, finding no reason to stay consideration of the certification issue, DENIES the Motion to Stay [ECF No. 4] and DENIES the Motion for Class Certification [ECF No. 3] as PREMATURE, but WITHOUT PREJUDICE to refiling at the appropriate juncture of the case.

SO ORDERED on August 13, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION